FILED

2014 JUN 20 P 1:52

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA** US DISTRICT COURT
**(ALEXANDRIA DIVISION)** ALEXANDRIA, VIRGINIA

WILLARD L. SMITH, III
14765 Arkansas Street
Woodbridge, VA 22191

       *Plaintiff,*

   v.

BRENNAN'S HEATING &
AIR CONDITIONING
SERVICE, INC.
2608 Morse Lane
Woodbridge, VA 22192

   Serve:
    Donald W. Brennan
    2608 Morse Lane
    Woodbridge, VA 22192

and

DONALD W. BRENNAN
2608 Morse Lane
Woodbridge, VA 22192

MICHAEL W. BRENNAN
2608 Morse Lane
Woodbridge, VA 22192

       *Defendants.*

CASE NO. 1:14CV764-LO-JFA

## COMPLAINT

COMES NOW, Plaintiff WILLARD L, SMITH, III, by and through undersigned counsel, and

files this Complaint alleging violations of the Fair Labor Standards Act against Defendants

BRENNAN'S HEATING & AIR CONDITIONING SERVICE, INC., DONALD W. BRENNAN and MICHAEL W. "MIKE" BRENNAN. Plaintiff seeks to recover unpaid wages, unpaid overtime and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § § 201 *et seq.* ("FLSA").

## NATURE OF THE CASE

1.      This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by the Plaintiff against the Defendants for failure to pay minimum wage and/or overtime for all hours worked by Plaintiff in violations of the FLSA.

2.      Plaintiff seeks minimum and overtime  wages  for each unpaid hour  of work as  proven  at  trial, plus  an  equal  amount  in liquidated  damages,  pre- and  post- judgment  interest, attorney's  fees  and  reasonable  costs  of litigation to be paid by Defendants.

### THE PARTIES

3.      Defendant Brennan's Heating & Air Conditioning, Inc., ("the Company") is a licensed air conditioning and heating contractor.

4.      Among other things, the Company repairs, services and installs air conditioning and heating systems.

5.      On information and belief the Company is incorporated in the Commonwealth of Virginia.  The Company's principal place of business is 2608

- 2 -

Morse Lane, Woodbridge, Virginia 22191.

6.    Defendant Donald Brennan is a Director of the Company.

7.    Defendant Donald Brennan is an Officer of the Company.

8.    Defendant Donald Brennan is the registered agent of the Company.

9.    Defendant Donald Brennan is the president and principal executive officer of the Company with offices at the Company's address. At all relevant times Brennan acted directly or indirectly to advance the interests of the Company with respect to the Company's relations with Plaintiff.

10.    At all times during Plaintiff's employment, Donald Brennan has held a substantial ownership and/or financial interest in the Company.    At all times relevant, Donald Brennan was one of Plaintiff's top managers and supervisors. On information and belief, at all times relevant, Donald Brennan was one of the individuals in charge of the day-to-day operations of the Company.

11.    Defendant Michael W. Brennan a/k/a Mike Brennan is the vice-president of the Company and the executive officer of the Company who oversaw on a daily basis the terms and conditions of Plaintiff's employment.

12.    Defendant Michael Brennan is a Director of the Company.

13.    Defendant Michael Brennan is an Officer of the Company.

14.    Mike Brennan maintains an office at the Company's address. At all relevant times Brennan acted directly or indirectly to advance the interests of the Company with respect to the Company's relations with Plaintiff.

15.    Defendant Mike Brennan had operational control of the Company including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant.

16.    At all times during Plaintiffs' employment, Mike Brennan was one of Plaintiff's top managers and supervisors.   At all times relevant, Mike Brennan was one of the individuals in charge of the day-to-day operations of the Company.

17.    The Company is located within the Eastern District of Virginia.

18.    The Company conducts substantial business in the Eastern District of Virginia, including projects that were done in Fairfax County, Prince William County, Arlington County and the City of Alexandria.

19.    Plaintiff, Willard L. Smith, III, is a resident of Prince William County, Virginia and was an employee of the Company from approximately January 1999 to October, 2013.  Towards the end of his employment, beginning in April 2012, Plaintiff was a clerical worker in the Company's offices in Woodbridge,

Virginia.

20.     Plaintiff performed a substantial part of his work for the Company in the Eastern District of Virginia.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA, a federal law.

22.     Venue lies in this Court pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division.

23.     Venue lies in this Court and in this division because the Company routinely serves clients in Prince William County, Virginia, Fairfax County, Virginia, Arlington County, Virginia and in the City of Alexandria.

24.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred, in this district and division.

25.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject

matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

26.     At all times relevant to this action, Defendants were each, and collectively, enterprises engaged in interstate commerce within the meaning of the FLSA.

## THE CONDUCT AT ISSUE

27.     Plaintiff performed work for Defendants in the regular course of his employment until the conclusion of his employment. At all times, or nearly all times, during the period of employment, Plaintiff worked more than forty (40) hours per week.

28.     Plaintiff has not been paid wages and overtime for all hours worked.

29.     At all times alleged herein, Plaintiff has never been indebted to Defendants.

30.     At all times alleged herein, the Company was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

31.     The Company has been in business since 1979.   The Company is licensed to repair and/or replace both residential and industrial heating and cooling systems.

32.     Carrier air conditioning and heat pumps are products which move in interstate commerce.  Carrier Corporation is based in Farmington, Connecticut.

The Company is an authorized dealer of Carrier air conditioning and heat pumps.

33.     Defendants engaged in interstate commerce by:

•       Corresponding with individuals in other states via telephone;

•       Sending and receiving mail to and from individuals in other states;

•       Sending and receiving email to and from individuals in other states;

•       Processing credit card transactions in interstate commerce;

•       Transacting business in interstate commerce;

•       Obtaining Financing of its Products and Services;

•       Providing its Clientele with consumer financing of its products;

•       Purchasing goods manufactured and distributed in other states;

•       Contracting with companies located in other states;

•       Selling and installing goods manufactured and distributed in other states; and

•       Employing goods manufactured and distributed in other states.

34.     In 1999 Plaintiff was hired as a field service technician.

35.     In about April 2012, Defendants moved Plaintiff to a position in its offices performing clerical duties and ordering supplies.  Defendants informed Plaintiff that he would still have to punch a time clock.

36.     Plaintiff worked in this position until his employment ended in October 2013.

37.     On information and belief, at all times, the individual defendants made all decisions relating to Plaintiffs' rate and method of pay.

38.     At all times, the individual defendants were responsible for maintaining

all employment records for Plaintiff.

39.     All three (3) Defendants were Plaintiff's "employers" for purposes of the FLSA.

40.     Beginning in April 2012, Defendants paid Plaintiff $31.25 per hour for the first 40 hours he worked each week.

41.     Defendants told Plaintiff that he would not be paid for work of more than forty (40) hours a week, but that the Defendants expected him to work the additional hours nonetheless.

42.     Defendants required Plaintiff to start work by no later than 6:45 a.m.

43.     Defendants required Plaintiff to work until at least 5:00 p.m. each day without a half hour lunch break.  Defendants required Plaintiff to work a minimum of 10 hours and 15 minutes per day, 5 days per week.

44.     Defendants routinely required Plaintiff to work until 6:00 p.m. or 7:00 p.m.

45.      Plaintiff routinely worked 55 hours per week.

46.     Defendants knew that Plaintiff worked overtime throughout his tenure in their offices but did not pay Plaintiff one and one-half time his purported rate of pay for any overtime hours worked.

47.     Plaintiff and the other office employees routinely ate their lunches at their desks.  It was understood by Plaintiff and the other office employees that they were expected to eat lunch at their desk every day.

48.     Plaintiff was not consulted or involved in managerial decisions such as

hiring, firing, interviewing, compensating, supervising employees or determining the rate and method of other employee's compensation.

49.    At all times, Defendants controlled all aspects of Plaintiff's job duties through strictly enforced employment rules.

50.    At all times, Plaintiff was Defendants' employee and was never an independent contractor.

51.    Defendants hired Plaintiff and. at all times, had the ability to set his work schedule, discipline him and/or fire him.

52.    At all times during Plaintiff's employment, Defendants had knowledge that Plaintiffs regularly and customarily worked about fifty- five (55) or many more hours per week and suffered or permitted Plaintiff to work about fifty-five (55) or more hours per week.

53.    Defendants, at all times, supervised Plaintiff's work duties to make sure Plaintiff's· job performance was of sufficient quality.

54.    Defendants controlled all aspects of setting and enforcing the work schedule for Plaintiff.

55.    During the period of Plaintiff's employment, Defendants provided Plaintiff with all necessary tools and equipment required to perform his work duties for Defendants.

56.    Plaintiff was never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

57.    At no time did Plaintiff make a financial investment in Defendants'

business operation or any equipment belonging to Defendants.

58.     To perform the work duties that Plaintiff performed for Defendants, Plaintiff did not have or need any required certificate, education, or specialized training.

59.     The Company routinely held managerial meetings.  Plaintiff was not invited to any of these management meetings.

60.     Plaintiff was never a member of Defendants' management.

61.     At no time did Defendants pay Plaintiff as a "salaried" employees.

62.     Plaintiff did not perform work that is exempt from the overtime pay requirement of the FLSA.

63.     Defendants were each, and collectively, Plaintiff's "joint employer," "employer," or "integrated enterprise employer" within the meaning of the FLSA,

64.     Defendants failed to pay Plaintiff <u>any</u> wages for approximately 1,170 hours that Defendants required or allowed Plaintiff to work.

65.     Defendants failed to pay Plaintiff overtime for approximately 1,170 hours that Defendants required or allowed Plaintiff to work.

66.     Defendants failed to pay Plaintiff $47.25 per hour for each hour of overtime he worked.

67.     Defendants knowingly and willfully engaged in "wage theft" in that Plaintiffs' pay checks reflect compensation for about fifteen (15) less hours per week compared to what is denoted and recorded on Plaintiff' time records.

68.    The consequence of Defendants' common "wage theft" or "payroll fraud" scheme was that Defendants failed and refused to compensate Plaintiff for about fifteen (15) or more hours per week.

69.    Defendants engaged in a pattern and practice of labor violations with regard to their in-store, non-management employees.

70.    At all times throughout the course of Plaintiff's employment, each of the Defendants had the authority to control the work of Plaintiff, and each of the Defendants had the power and authority to change the course of Plaintiffs' work duties.

71.    At all times throughout the course of Plaintiff's employment, Plaintiff recognized each Defendant's authority and obeyed each Defendant's instructions.

72.    Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked as required under § 206(a)(l).

73.    Defendants also failed to pay Plaintiff minimum wages, or any wages, for hours that Defendants required or allowed Plaintiff to work.

74.    In fact, on all occasions Defendants did not pay for hours in excess of forty hours worked in a workweek at a rate of time and a half, as required by the FLSA. Moreover, on numerous occasions Defendants did not pay Plaintiff anything at all for many of the hours that he worked in excess of 40 hours in a work week in violation of the minimum wage provision of the FLSA.

75.   Defendants' conduct was willful and intentional in that Defendants well knew the wage requirements of the FLSA and that their conduct violated these requirements. Defendants believed that employees such as Plaintiff would be unlikely to report Defendants' misconduct to the authorities or to seek relief from the courts, and that, consequently, Defendants could violate the FLSA with impunity.

76.   Defendant Brennan is President and has operational control of the Company including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant.

77.   On information and belief, Defendant Donald Brennan signs checks on behalf of the Company.

78.   On information and belief, Defendant Mike Brennan signs checks on behalf of the Company.

79.   For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendants Donald Brennan and Mike Brennan were persons acting directly in the interest of Defendant, the Company.

80.   On or about January 1999, Defendants hired Plaintiff as a service technician.

81.   From May 2012 through October 2013, Plaintiff frequently worked more than 40 hours a week. Plaintiff regularly recorded his hours worked by clocking

in and out of the Defendants' time clock.

82.    At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA.

### CAUSE OF ACTION

**Violation of FLSA Minimum Wage and Overtime Requirements**

83.    The foregoing paragraphs are incorporated herein as if fully restated.

84.    At all times relevant, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(l) and Defendants were his "employers" under FLSA, 29 U.S.C. § 207(a)(2).

85.    Defendants did not compensate Plaintiff for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work with the actual or constructive knowledge of Defendants. Defendants' conduct violated 29 U.S.C. § 206, which requires that Plaintiff be paid a specified minimum wage for their work.

86.    Defendants regularly and willfully required Plaintiff to work in excess of forty (40) hours during a workweek and/or "suffered or permitted" such overtime work. In fact, Defendants required Plaintiff to work more that forty (40) hours per week at nearly all times during his respective periods of employment. Defendants' conduct violated 29 U.S.C. § 207(a)(l ), which requires that Plaintiff be paid at a rate no less than one and one-half times the regular rate for a workweek longer

- 13 -

than forty (40) hours.

87.    Defendants have failed and refused to properly compensate Plaintiff as required by the FLSA for numerous hours of overtime worked.

88.    Defendants' failure and refusal to properly compensate Plaintiff was willful and intentional, and Defendants did not make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

89.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial.

90.    Defendants failed to pay Plaintiff any wages for approximately 1,170 hours that Defendants required or allowed Plaintiff to work.

91.    Defendants failed to pay Plaintiff overtime for approximately 1,170 hours that Defendants required or allowed Plaintiff to work.

92.    Defendants failed to pay Plaintiff $47.25 per hour for each hour of overtime he worked.

93.    Plaintiff is due an amount of $55,282.50 for unpaid wages arising from Defendants' failure to pay Plaintiff.

94.    Plaintiff is due an amount of $55,282.50 for liquidated damages.

95.    Plaintiff is due attorneys' fees.

96.    Plaintiff is due the costs of this action.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims which may be so tried.

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Damages of one and one half the applicable hourly wage for each unpaid hour of overtime, Plaintiff is due an amount of $55,282.50 for unpaid wages arising from Defendants' failure to pay Plaintiff.

b) Plaintiff is due an amount of $55,282.50 for liquidated damages.

c) Attorney's fees and costs and expenses of this action;

   d) An award of interest (both pre- and post- judgment) upon such unpaid wages as may be due;

   e) Such other relief as the Court may deem proper.

Respectfully submitted,

ON BEHALF OF PLAINTIFF

_____ /s/ _____

Andrew S. Cabana (Virginia Bar No. 48151)
**LAW OFFICE OF ANDREW CABANA, PC**
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314
703.518.7930 | Telephone
703.684-3620 | Facsimile
Email: Andrew@acabanalaw.com